## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 15-CR-00205-01-JL** |
| **RICARDO MEJIA, a.k.a. "RICO MEJIA,"** | ) |
| | ) |
| **Defendant.** | ) |

### JOINT STIPULATION REGARDING SPEEDY TRIAL ACT CALCULATIONS

The United States of America, by its attorney, Emily Gray Rice, United States Attorney for the District of New Hampshire, and the Defendant, through his counsel, Jonathan R. Saxe, Esquire, jointly stipulate in response to this Court's order as follows:

1.      The Speedy Trial clock in this case began with the defendant's arraignment on December 3, 2015.  18 U.S.C. 3161(c)(1).

2.      A total of 152 days will have elapsed as of May 3, 2016, the date currently set for jury selection.

3.      Of those 152 days that will have elapsed as of the date currently set for jury selection, nine days of delay are excludable, because they result from pre-trial motions and/or are reasonably attributable to periods (not exceeding thirty days) during which proceedings concerning the defendant are actually under advisement by the Court.  18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(1)(H).  Specifically, the following dates and periods are excludable for those reasons:

   a.      December 3, 2015 (one day) (while the defendant's motion for appointment of counsel was pending);

b.    from December 7 to December 8, 2015 (one day) (while the defendant's first motion for a continuance was pending); and

c.    from February 12 to February 19, 2016 (seven days) (while the defendant's second motion for a continuance was pending).

4.    Ninety-one additional days of delay are excludable because they resulted from the defendant's motions for a continuance granted by the Court on the basis that the ends of justice served by taking such action outweighed the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(7)(A).  Specifically, the following periods are excludable for that reason:

a.    from February 2 to March 1, 2016 (28  days) (the period of delay resulting from the Court granting the defendant's first motion for a continuance); and

b.    from March 1, 2016 to May 3, 2016 (63 days) (the period of delay resulting from the Court granting the defendant's second motion for a continuance).

5.    Subtracting the total one hundred days of excludable delay from the 152 total days that will have elapsed between the defendant's arraignment and the current date set for jury selection,  will leave 52 lapsed, non-excludable days as of the date

currently set for jury selection.  This is 18 days of non-excludable delay less than the 70

days of non-excludable delay allowed under the Speedy Trial Act.  18 U.S.C. § 3161(c).

Date:  March 8, 2016                                 Respectfully Submitted,

                                                    EMILY GRAY RICE
                                                    United States Attorney


                                    By:    /s/William E. Morse
                                           William E. Morse
                                           Assistant U.S. Attorney
                                           Bar No. 421934 (D.C.)
                                           53 Pleasant St., 4th Floor
                                           Concord, NH  03301
                                           (603) 225-1552

                                           RICARDO MEJIA


                                    By:    /s/Jonathan R. Saxe
                                           Jonathan R. Saxe
                                           Assistant Federal Defender
                                           Bar No. 8226
                                           Ralph Pill Building
                                           22 Bridge Street
                                           Concord, New Hampshire  03301
                                           (603) 226-7360


                            Certificate of Service

I hereby certify that a copy of the above motion was served, via ECF, to Assistant Federal Defender Jonathan R.
Saxe, counsel for the defendant.

                                    /s/William E. Morse
                                    William E. Morse
                                    Assistant U.S. Attorney